IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

GOOD TO GO, LLC D/B/A VISTA MEDICAL )
CENTER, and PATRICK REYNOLDS, )
    Plaintiffs, )
vs. )   Case No. CIV-16-1311-W
 )
CONTINENTAL CASUALTY COMPANY, )
    Defendant. )

# COMPLAINT FOR REFORMATION AND DECLARATORY JUDGMENT

Plaintiffs above-named (Here "Plaintiffs" or "Clinic"), bring this Complaint seeking a declaratory judgment of this Court pursuant to 28 U.S.C. § 2201, to determine a controversy as to the rights and obligations of the parties hereto under a certain policy of insurance issued by Defendant to Plaintiffs and allege:

## JURISDICTION

1. Plaintiff, Good To Go, LLC ("Clinic"), is a limited liability company created under the laws of the State of Oklahoma of which, Patrick Reynolds, is the sole member.

2. Plaintiff, Patrick Reynolds, is a citizen of, Oklahoma.

3. Defendant, Continental Casualty Company ("CCC") is an insurance company created under the laws of the state of Illinois and having its principal place of business in Illinois, and is therefore a citizen of Illinois.

4. This lawsuit concerns whether coverage is afforded under insurance policy number 509 461 9876, (the policy) which policy had a liability coverage limit in excess of $75,000.00, for claims against Clinic asserted in lawsuits pending in the District Court of

Oklahoma County, Oklahoma seeking damages in excess of $75,000.00, by reason of which the amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.

5. Therefore, by virtue of the diversity of the citizenship of the parties to this action and the sufficiency of the amount in controversy, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

**VENUE**

6. Plaintiffs bring this lawsuit seeking a declaratory judgment to determine the rights and obligations of CCC to Clinic in Oklahoma City, Oklahoma County, Oklahoma, in relation to the claims asserted by Claimants against Clinic and Reynolds for bodily injury and death allegedly arising out of medical treatment and the prescribing of controlled substances in Oklahoma City, Oklahoma County, Oklahoma.

7. Because the events giving rise to the claims at issue in this lawsuit occurred in Oklahoma County, Oklahoma, one of the counties in the Western District of Oklahoma, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

8. CCC issued the Policy to Clinic, as named insured, for the policy period from October 1, 2013 through October 1, 2014 which included commercial general liability insurance coverage with a per occurrence limit of $2 million and a general aggregate limit of $4 million.

9. Various claimants have filed claims and lawsuits in the Oklahoma County District Court alleging that Clinic and, in some cases, Plaintiff, Reynolds, as the member

of Clinic, are liable for bodily injury suffered by them or injury and death suffered by their decedent as the result of medical negligence of a physician and a physician's assistant practicing at the Clinic in prescribing excessive amounts of controlled medications, in some instances resulting in the criminal conviction of the physician.

10. Clinic and Reynolds made demand on CCC to defend and indemnify them from those claims and lawsuits, and CCC has been defending them subject to a reservation of rights.

11. Defendant, Reynolds, on behalf of Defendant, Good to Go, LLC, told Plaintiff's agent, who wrote the policy, the nature of the business to be engaged in by Good to Go and asked him to write the appropriate liability coverage to protect Good to Go and Reynolds. The agent selected and wrote the coverage contained in the policy, apparently including the exclusions which Defendant now claims prevent providing the coverage which Reynolds and Good to Go asked for.

12. Permitting Plaintiff to profit from this mistake on the part of the agent would constitute constructive fraud and render the coverage illusory. This court should reform the policy to take out the exclusions described to make the policy provide the coverage contracted for.

13. An actual and justiciable controversy now exists between CCC, as insurer and Clinic and Reynolds as insureds in regard to the coverage afforded by the insurance contracts, for which the reformation and declaratory judgment of this Court is sought.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that this Court enter its judgment reforming the policy to take out the exclusions on which CCC

relies and declaring that the insurance contract issued by CCC to Defendant Good To Go, LLC, affords coverage for the claims asserted in the lawsuits brought by Claimants in state court, and that CCC owes a duty to further defend Good To Go LLC and Defendant Reynolds from those lawsuits, and that Plaintiffs be awarded costs and attorney fees and for such other and further relief as this Court may find just and equitable in the premises.

Respectfully submitted,

S/Rex Travis
REX TRAVIS, OBA #9081
PAUL KOURI, OBA #20751
JUSTIN C. CLIBURN, OBA #32223
JACOB MASTERS, OBA #32456
info@travislawoffice.com
P.O. Box 1336
Oklahoma City, OK 73101-1336
Telephone: (405) 236-5400
Facsimile: (405) 236-5499
Attorneys for Plaintiff

**ATTORNEY'S LIEN CLAIMED**